IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMELLEN CHAMBERLAIN, ) | |
| ) | Case Number: 1:21-cv-01425 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: Hon.: |
| ) | |
| VILLAGE OF OAK PARK, ) | |
| ) | Magistrate Judge: |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, KIMELLEN CHAMBERLAIN, by and through her undersigned counsel, and for her COMPLAINT against the VILLAGE OF OAK PARK for breach of contract and specific performance of monies due and owed to Plaintiff under the terms of a CONSENT JUDGMENT ORDER AND SETTLEMENT AGREEMENT, states as follows:

## NATURE OF THE ACTION

1. This Complaint is brought by Plaintiff against the Defendant to enforce the terms of a Consent Judgment Order and Settlement Agreement ("Judgment") entered in the United States District Court for the Northern District of Illinois, Eastern Division, on December 8, 1987, in the matter of PATRICK KELLY and RONALD SURMIN v. VILLAGE OF OAK PARK, et al., Case No. 87 C 2093.[1]

2. Plaintiff seeks specific performance and the payment of monies owed to her as the intended beneficiary under the terms of the Judgment which terminated legal proceedings between her now deceased husband and the Village of Oak Park in the above cited case.

---

[1] This case is not currently on the docket of an active district court judge. The last active district court judge assigned to the case was Judge Ilana D. Rovner.

## THE PARTIES

3. Plaintiff, Kimellen Chamberlain ("Kimellen" or "Plaintiff"), is a resident of Cook County, Illinois, Patrick Kelly's ("Patrick" or "Patrick Kelly") surviving spouse, and the intended beneficiary of the monies owed under the Judgment.

4. Defendant, the Village of Oak Park ("Village" or "Defendant"), is a municipal corporation located in Cook County, Illinois, and the party responsible for making the payments required under the Judgment to Plaintiff.

## JURISDICTION AND VENUE

5. This Court has ancillary jurisdiction over this action pursuant to 28 U.S.C. §1367(a). A Consent Judgment Order incorporating the terms of a Settlement Agreement was entered in Case No. 87 C 2093 on December 8, 1987. The Consent Judgment Order arose from a lawsuit filed in the United States District Court for the Northern District of Illinois seeking pecuniary and injunctive relief pursuant to 42 U.S.C. § 1983, 28 U.S.C. §1331, and 28 U.S.C. §1343. This action seeks to enforce the terms of the Judgment and Settlement Agreement. See, e.g., *Montgomery v. Aetna Plywood, Inc.*, 231 F. 3d 399, 413 (7th Cir. 2000).[2]

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because the action arose in the Northern District of Illinois and Plaintiff and Defendant reside in the Northern District of Illinois.

---

[2] "Precedent in this circuit firmly establishes that the doctrine of ancillary jurisdiction confers federal jurisdiction over a case otherwise outside federal jurisdiction in which the plaintiff seeks to enforce a settlement agreement, as long as the district court incorporated the agreement into its final order or retained jurisdiction to enforce the terms of the agreement. *[citations omitted]*. Thus, where a party to a settlement agreement approved by a federal court brings a new suit in federal court alleging a breach of the agreement, federal jurisdiction exists over the suit, provided the federal court incorporated the agreement into its final order or reserved jurisdiction to enforce the agreement." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d at 411, citing *Ford v. Neese*, 119 F.3d at 562 (7th Cir. 1997); *McCall–Bey v. Franzen,*, 777 F. 2d at 1188-90 (7th Cir. 1985).

## STATEMENT OF FACTS

7. On February 27, 1987, Patrick Kelly and Ronald Surmin filed a federal civil rights lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, seeking pecuniary and injunctive relief against the Village and others for acts taken against them during the course of their employment as Oak Park police officers. *See* Ex. "1", *Complaint, Patrick Kelly and Ronald Surmin v. Village of Oak Park, et al., Case No. 87 C 2093*.

8. On December 8, 1987, all claims directed against the defendants, save the Village of Oak Park, were dismissed with prejudice and are not at issue. With regard to the Village, plaintiffs in that matter, Patrick Kelly and Ronald Surmin, entered into a settlement agreement the terms of which were incorporated into a Consent Judgment Order with the Court retaining jurisdiction of the action for purposes of enforcing the Judgment. *See* Ex. "2", *Consent Judgment Order and Settlement Agreement dated December 8, 1987*.

## TERMS OF THE CONSENT JUDGMENT ORDER

9. Under the terms of the Judgment, Patrick agreed, *inter alia*, to waive and release his claims against the Village, resign his position as an Oak Park police officer, and to return all funds paid by and credited to him held in the Oak Park Pension Fund back to the Village of Oak Park. *See* Ex. "2", ¶¶ *3, 8, 12, 14*.

10. In exchange, the Village, *inter alia*, agreed to the following:

From and after the fiftieth (50th) birthdate of PATRICK KELLY, the VILLAGE OF OAK PARK shall pay him annually during his lifetime an amount equal to sixty percent (60%) of the salary attached to the rank of a top-graded Oak Park patrolman at the time of Plaintiff's fiftieth (50th) birthdate, or as of December 1, 1987, whichever is greater.

*Id*., *¶ 9.*

11. The Village further agreed that:

> On the death of [Patrick], before or after he reaches his fiftieth (50th) birthday, the same payments shall continue to be made by the VILLAGE OF OAK PARK to his present wife during her lifetime to begin on [Patrick's] fiftieth (50th) birthdate.

*Id.*, ¶ 11.

12. On the date the Judgment was executed and entered by the Court, Patrick was married to Carol A. Kelly ("Carol").

## **PATRICK DIVORCES CAROL**

13. Subsequent to the date of entry of the Judgment, but before his 50th birthdate, Patrick file a petition to divorce Carol in the Circuit Court of Cook County, Illinois, Domestic Relations Division, Case No. 1994 D 06019.

14. On June 24, 1994, Patrick's and Carol's marriage was dissolved pursuant to a Judgment for Dissolution of Marriage. *See Ex. "3" Judgment for Dissolution of Marriage entered June 24, 1994*.

15. Attached to and incorporated into the Judgment for Dissolution of Marriage was a written Marital Settlement Agreement ("MSA") executed by Patrick and Carol on June 22, 1994. *Id., Marital Settlement Agreement dated June 22, 1994*.

16. Pursuant to the terms of the MSA, Patrick revoked Carol's interest, if any, to payments under the Judgment, and Carol agreed to relinquish all right, title, and interest she may have had in the Judgment payments in exchange for Patrick's promise to pay Carol a limited sum certain of monies he received under the Judgment for the first ninety-six (96) months. This agreement is reflected in Paragraph 8 of the MSA which reads, in relevant part:

> During the course of the marriage, the husband settled a certain lawsuit in reference to his employment with the Village of Oak Park Police Department. The Husband is to receive payments in the same manner as the Village of Oak Park pays pension benefits to former employees. When the Husband receives such payments, the Wife

shall be entitled to TWENTY-FIVE (25%) of the net payment received by the Husband for the first NINTEY-SIX (96) months of the payments.

*Id.*, ¶8.

17. Patrick and Carol further agreed to mutually waive and release all other right, title, and interest in and to all other property held by the other not otherwise specifically disposed of by the MSA, including but not limited to each parties' pension, retirement, 401(k), or any other retirement benefit from their employers, as follows:

> 13. MUTUAL RELEASES: To the fullest extent by law permitted to do so, and except as herein otherwise provided, each of the parties does hereby forever relinquish, release, waive and forever quit-claim and grant to the other, all rights of alimony, dower, inheritance, descent, distribution and community interest and all other rights, title, claim, interest and estate as Husband and Wife, Widow or Widower, or otherwise, by reason of the marital relationship existing between said parties hereto, under any present or future law, or which he or she otherwise has or might have or be entitled to claim in, to or against the property and assets of the other, real, personal or mixed, or his or her estate, whether now owned or hereafter in any manner acquired by the other party, or whether in possession or in expectancy and either vested or contingent; and each party further covenants and agrees for himself or herself, his or her heirs, personal representatives and assigns, grantees, and devises for the purpose of enforcing any or all of the rights specified in and relinquished under this Agreement; and further agree that in the event any suit shall be commenced, this release, when pleaded, shall be and constitute a defense to any such claim or suit so instituted by either party hereto; and agree to execute, acknowledge and deliver at the request of the other party, his or her heirs, personal representatives, grantees, devisees or assigns, any or all such deeds, releases, or other instruments and further assurances as may be required or reasonably requested to effect or evidence such release, waiver, relinquishment or extinguishment of such rights; provided, however that nothing herein contained shall operate or be construed as a waiver or release by either party to the other of the obligation on the part of the other to comply with the provisions of this Agreement or the rights of either party under this Agreement.

*Id.*, ¶¶ 9, 13.

**PATRICK'S MARRIAGE TO KEMELLEN, PAYMENTS VEST, AND DEATH**

18. On June 1, 1995, Patrick married Kimellen. *See Ex. "4", Certificate of Marriage (Patrick and Kimellen), dated June 1, 1995.*

19. On December 1, 2001, Patrick turned fifty (50), his right to the payments under the Judgment vested, and the Village began making lump sum payments to him in the amount of $30,685.03 per year.

20. On May 4, 2017, Patrick died, leaving as his present wife and sole surviving spouse, Plaintiff, Kimellen Chamberlain. *See Ex. "5", Certificate of Death-Patrick J. Kelly, dated May 8, 2017.*

21. In accordance with Paragraph 11 of the Judgment, the Village commenced making payments to Kimellen after Patrick's death. *See Group Ex. "6", Exemplar Village of Oak Park Payment Letter Directing Payments to Kimellen Chamberlain dated November 22, 2019 and Check Payment Stub.*

22. Kimellen received annual payments in the amount of $30,685.03 in years 2017, 2018, and 2019.

**THE VILLAGE'S BREACH**

23. In or about November 2020, the Village failed to make its 2020 payment to Kimellen in breach of the terms of the Judgment.

24. Upon inquiry, the Village advised Kimellen that Patrick's former wife, Carol, made claim to the payments on the ground that she was Patrick's "present wife" at the time the Judgment was entered and, thus, was entitled to the payments following his death. *See Ex. "7", C. Kelly letter to Village of Oak Park dated September 23, 2020.*

25. On January 21, 2021, March 1, 2021 and March 9, 2021, Plaintiff's counsel issued demand letters to the Village requesting that it deliver the 2020 payment to Kimellen in accordance with the terms of the Judgment on the following grounds:

(i) Kimellen was Patrick's "present wife" and surviving spouse at the time the payments vested and at the time of Patrick's death;

(ii) Patrick revoked, and Carol agreed to waive and relinquish, all right, title, and interest she may have had to the payments under the Judgment in accordance with the terms of the parties' MSA dissolving their marriage;

(iii) Kimellen, as the intended third-party donee beneficiary of the payments at the time the payments vested, and at the time of Patrick's death, is the lawful payee pursuant to the terms of the Judgment and Illinois law; and/or

(iv) Because the payments were meant to replace Patrick's surrendered pension with the Oak Park Police, the payments must be paid to Patrick's surviving spouse upon his death and to no other.

26. Despite Plaintiff's demands, the Village refuses to pay the amount(s) due and owing to Kimellen.

27. The Village's failure and refusal to pay Kimellen the amounts due under the settlement agreement for the 2020 year constitutes a breach of the Judgment.

28. Kimellen has suffered and continues to suffer monetary damages in the amount of at least $30,685.03.

## COUNT I
## BREACH OF CONTRACT

29. Plaintiff realleges and incorporates paragraphs 7 through 28 above as Paragraph 29 of this Count I.

30. Under the terms of the Judgment, on Patrick's death, the Village is obligated to pay Plaintiff during her lifetime the equivalent salary attached to the rank of a top-graded Oak Park patrolman at the time of Patrick Kelly's fiftieth (50th) birthdate, or as of December 1, 1987, whichever is greater.

31. Patrick died on May, 2017, and in accordance with terms of the Judgment, the Village began making the required payments to Plaintiff, Kimellen Chamberlain, Patrick's wife and surviving spouse, in years 2017, 2018, and 2019.

32. In or about November 2020, the Village ceased making the required annual payments despite Plaintiff's demand to do so.

33. The Village's refusal to make the required payments constitutes a breach of the Judgment.

34. As a consequence of the Village's breach, Plaintiff has suffered and continues to suffer monetary damages in the amount of at least $30,685.03.

## COUNT II
## SPECIFIC PERFORMANCE

35. Plaintiff realleges and incorporates paragraphs 7 through 34 above as Paragraph 35 of this Count II.

36. The Consent Judgment and Settlement Agreement constitutes a valid and enforceable contract between Plaintiff and Defendant.

37. Plaintiff has fulfilled all conditions and terms required of her under the contract.

38. Defendant's refusal to make the required payments to Plaintiff is a direct violation of its promise to perform under the Judgment.

39. As a consequence of Defendant's refusal to perform its contractual obligations under the Judgment, Plaintiff has suffered and continues to suffer monetary damages in the amount of at least $30,685.03.

## **RELIEF REQUESTED**

WHEREFORE, for the above foregoing reasons, Plaintiff, KIMELLEN CHAMBERLAIN, respectfully requests that this Court entered judgment in her favor and against the Defendant, VILLAGE OF OAK PARK, on Count I (Breach of Judgment) and Count II (Specific Performance) of this Complaint and enter the following additional relief:

(a) Order the Village of Oak Park to immediately comply with the terms of the Consent Judgment Order and Settlement Agreement;

(b) Order the Village to issue and deliver to Kimellen Chamberlain her 2020 payment in the amount of $30,685.03 USD pursuant to the terms of the Judgment with interest;

(c) Declare Kimellen Chamberlain the intended beneficiary under the terms of the Judgment and the sole legal owner of all the payments due thereunder;

(d) Direct the Village of Oak Park to continue making annual payments to Kimellen Chamberlain in accordance with the terms of the Judgment;

(e) Award Kimellen Chamberlain reasonable attorney fees, expenses, and costs arising out of or related to the filing of this Complaint to enforce the terms of the Consent Judgment Order and Settlement Agreement; and

  (f) Award Kimellen Chamberlain any and all further relief this Court deems just and reasonable.

Dated: March 15, 2021

                Respectfully submitted,

                */s/ Patrick Martin Ouimet*
                *(authorized electronic signature)*

         By: _____
            Patrick Martin Ouimet, Esq.

| | |
|---|---|
| Jason S. Ornduff, Esq. | Patrick Martin Ouimet, Esq. |
| HARRISON & HELD, LLP | SARLES & OUIMET |
| 333 West Wacker Drive | 1115 S. Plymouth Ct., Unit 403 |
| Suite 1700 | Chicago, Illinois 60605 |
| Chicago, Illinois 60605 | Mobile: (815) 353-9500 |
| Telephone: (312) 332-1111 | Email: pmouimet@sarlesouimet.com |
| Email: jornduff@harrisonheld.com | ARDC No. 6197301 |
| ARDC No. 6237815 | *Counsel for Kimellen Chamberlain* |
| *Counsel for Kimellen Chamberlain* | |

## **CERTIFICATE OF SERVICE**

I, Patrick Martin Ouimet, the attorney of record for Plaintiff, Kimellen Chamberlain, certify that I electronically filed the foregoing document with the Clerk of Court for the Northern District of Illinois using the CM/ECF system this 15th day of March 2021, and delivered a copy of the same to the following the individuals listed below via email this same day:


Paul Stephanides, Esq.
VILLAGE OF OAK PARK
123 Madison Street
Oak Park, Illinois 60302
Email: PStephanides@oak-park.us
*Counsel for Defendant/Village of Oak Park*

Matthew S. Ryan, Esq.
COTSIRILOS, TIGHE, STEICKER,
POULOS & CAMPBELL, LTD.
33 North Dearborn Street, Ste. 600
Chicago, Illinois 60602
Email: mattryan@cosiriloslaw.com
*Counsel for Carol A. Kelly*


    */s/ Patrick Martin Ouimet*

*(authorized electronic signature)*

_____
Patrick Martin Ouimet